UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Johnnie Elvin McKelvey, ) C/A No. 4:10-422-HFF-TER
)
               Petitioner, )
)
vs. ) **Report and Recommendation**
)
Mildred L. Rivera, Warden, )
)
               Respondent. )
_____)

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the Court by Petitioner, a federal prison inmate at FCI-Estill, who is proceeding *pro se*.[1] Petitioner is serving a 180-month sentence after pleading guilty in this Court in 2003 to one count of felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e). Petitioner contends that he incorrectly received an enhanced sentence under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act (ACCA), and United States Sentencing Guideline § 4B1.1 (USSG) because the crimes used to support the enhancement of his sentence (*i.e.* a 1989 Florida conviction for burglary of a dwelling (2d degree), a 1993 South Carolina conviction for burglary (2d degree) and grand larceny, and a 1997 Georgia conviction for escape) do not meet the current standard of a "violent felony" under the ACCA. Petitioner cites to *United States v. Chambers*, 129 S. Ct. 687 (2009) and *United States v. Begay*, 553 U.S. 137 (2008), claiming that he is "actually innocent" of being an

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1

"armed career criminal" based on language in *Chambers* and *Begay* about what constitutes "violent crimes" and/or "a crime of violence" for purposes of sentencing enhancement.[2] Petitioner's initial § 2255 motion, filed in 2009 and asserting ineffective assistance of counsel and the same grounds as those raised in the instant Petition, was denied as time-barred by this Court on September 29, 2009. (C/A No. 2:02-cr-00516-DCN-1). The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal from the denial of his § 2255 motion on December 22, 2009 (No. 09-7943). It does not appear that Petitioner requested permission from the Fourth Circuit to file a second § 2255 motion prior to filing the § 2241 Petition in this case.

---

[2] Petitioner asserts that *Chambers* and *Begay* require the vacation and reconsideration of his sentence even though *Chambers* and *Begay* were decided more than five years after his sentencing and have not been held by the United States Supreme Court or the Fourth Circuit Court of Appeals to have retroactive effect. *See United States v. Jones,* No. 6: 04-70-DCR, 6: 09-7082-DCR, 2010 U.S. Dist. LEXIS 160 (E.D. Ky. Jan. 4, 2010)(collecting cases); *United States v. Holt*, Nos. 09-cv-708-bbc, 05-cr-49-bbc, 2009 U.S. Dist. LEXIS 115242 (W.D. Wisc. Dec. 10, 2009)(*Begay* addresses statutory interpretation and does not establish any new rule of constitutional law, and also may not be applied retroactively in a § 2255 motion to collaterally attack a three year-old sentence). Other courts reaching a similar conclusion include *Sun Bear v. United States*, No. CIV 08-3021, CR 01-30051, 2009 U.S. Dist. LEXIS 60188 (D. S.D., July 9, 2009) (*Begay* not retroactively applicable under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989)); *United States v. Johnson*, No. 04-269 (MJD/AJB), 2009 U.S. Dist. LEXIS 74946 (D. Minn., Aug. 24, 2009); *Lindsey v. United States*, No. 09-0249-CV-W-ODS, 06-00340-01-CR-W-ODS, 2009 U.S. Dist. LEXIS 65621 (W.D. Mo., July 29, 2009); *United States v. Campbell*, Cr. No. 6:06-812-HMH, 2009 U.S. Dist. LEXIS 37542 (D.S.C., May 1, 2009); and *United States v. Sanchez-Narvaez*, No. 3:08-CR-330-NC10, 2009 U.S. Dist. LEXIS 44089 (W. D. Wis., May 26, 2009) (*Begay* and *Chambers* are not retroactive). Courts reaching a contrary conclusion and finding that *Begay* constitutes a new substantive rule which applies retroactively include: *United States v. Leonard*, No. 06-CR-0049-CVE, 08-CV-0389-CVE-FHM, 2009 U.S. Dist. LEXIS 15957 (N.D. Okla., Feb. 27, 2009); *United States v. McElroy*, No. 06-CR-0147-CVE (09-CV-0040-CVE-PJC), 2009 U.S. Dist. LEXIS 42059 (N.D. Okla., May 14, 2009), *George v. United States*, 650 F. Supp. 2d 1196 (M.D. Fla. 2009), and *United States v. Blue*, Crim. No. 03-10058, Civ. No. 09-1108, 2009 U.S. Dist. LEXIS 74331 (D. Kan., Aug. 20, 2009). There does not appear to be any binding authority from the Fourth Circuit Court of Appeals or United States Supreme Court addressing the retroactivity issue.

Petitioner alleges that § 2255 is inadequate and ineffective to test the legality of his detention, and that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) and the gatekeeping provision of § 2255 are unconstitutional in that they are "precluding him from successive filings, resulting in the courts never reaching the merits of his claim of 'actual innocence' and 'newly' discovered evidence." (Pet. 9). Petitioner asserts that his § 2241 Petition presents newly discovered evidence by which his "actual innocence"is proved, i.e. state court judgment and commitment documents from South Carolina and Florida; an SCDC "record summary report" computer printout; and *Chambers*' new rule of law. Petitioner also asserts that *Begay* and *Chambers* were made retroactive to cases on collateral review by *George v. United States*, 650 F. Supp. 2d 1196 (M.D. Fl. 2009). *But see King v. United States*, No. 09-20975-CV, 2010 U.S. Dist. LEXIS 7402 (S.D. Fl. Jan.12, 2010); *United States v. Campbell*, No. 6:06-812-HMH, 2009 U.S. Dist. LEXIS 37542 (D.S.C. May 1, 2009)("The United States Supreme Court has not made *Begay* retroactive to cases on collateral review."). Petitioner specifically states that he "does not seek collateral review of the § 922(g) offense in which he concedes, but only the § 924(e)(1) § 4B1.4 enhancement." (Pet. 15). He asks the Court to vacate his sentence and remand for resentencing consistent with the holdings of *Chambers* and *Begay*, thus removing the ACCA enhancement from his sentence.[3] This action should be summarily dismissed

---

[3] Petitioner, in the alternative, alleges that he "is entitled to seek a writ of error coram nobis and/or a writ of audita querela." (Pet. 11, 14). The styling of the pleading as "Application for Writ of Habeas Corpus 28 U.S.C.A. § 2241 and/or Writ of Error Coram Nobis § 1651" (Pet. 1) does not entitle Petitioner to any relief. The writ of *coram nobis* has been abolished in federal *civil* practice. *See* Rule 60(b) of the Federal Rules of Civil Procedure. Although some federal courts have ruled that petitions for writs of *coram nobis* may still be heard, petitioners in such cases must have completed their federal sentence(s) or extraordinary circumstances must exist. *See U. S. v. Hansen*, 906 F. Supp. 688 (D. D.C. 1995); *U. S. v. Mandel*, 672 F. Supp. 864 (D.

because it is clear from the Petition that the relief requested by Petitioner is not available pursuant to 28 U.S.C. § 2241.

## *PRO SE* HABEAS REVIEW

Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the AEDPA, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se*

---

Md. 1987). No extraordinary circumstances exist for Petitioner in this case. Similarly, the reference in the Petition to the alternative relief of a Writ of *Audita Querela* does not entitle Petitioner to such relief. *See Brackett v. U. S.*, 206 F.Supp.2d 183, 186-87 (D. Mass. 2002)(denying federal prisoner's motion for writ of *coram nobis* and motion for writ of *audita querela*: "As Section 2255 would be competent to redress Brackett's grievances had he met its time limits, the Court lacks the power to issue either the writ of error *coram nobis* or *audita querela*."); *see also* Fed. R. Civ. P. 60(b)("Writs of *coram nobis*, *coram vobis*, *audita querela*, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.").

petition, the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## DISCUSSION

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because Petitioner's claims are cognizable only through a direct appeal and/or under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241, and Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is/was inadequate or ineffective. By filing this § 2241 Petition, Petitioner is improperly attempting to short-circuit the statutory framework clearly established by Congress for the consideration of such claims, and this attempted bypass of the statutes' gatekeeping mechanisms should not be allowed.

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

5

Since the passage of § 2255, § 2241 has been resorted to and found to be a valid means of court review only in limited situations, none of which are present in this case. For example, it has been found available in actions challenging the administration of parole, *see Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *see McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-05(6th Cir. 1993); prison disciplinary actions, *see United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence. *See Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991). Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of his/her sentence, but it is not generally available where the underlying validity of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits). According to at least one court, "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). A petition for habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951 F.2d at 129-30.

Petitioner's allegations about the propriety of the sentencing enhancement he received clearly go to the underlying validity of his sentence rather than to the manner of execution of the sentence. As Petitioner obviously understands, such matters are not properly considered under § 2241 unless Petitioner can come within the "savings clause"

of § 2255 by showing that this is an exceptional case where 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues. *See In re Vial,* 115 F.3d 1192 (4th Cir. 1977); *see also Ward v. Snyder*, 238 F.3d 426 (6th Cir. 2000)(unpublished opinion); *Tanksley v. Warden*, 229 F.3d 1154 (6th Cir. 2000)(unpublished opinion); *Gonzales v. Snyder*, 221 F.3d 1342 (8th Cir. 2000)(same); *Elzie v. Pugh*, 194 F.3d 1320 (10th Cir.1999)(same); *Onaghise v. Bailey*, 188 F.3d 514 (9th Cir. 1999)(same). Accordingly, Petitioner asserts that the § 2255 remedy is inadequate and ineffective because his challenge is not only jurisdictional or constitutional in nature, but, is based on the sentencing court's factually erroneous adoption of the pre-sentence investigative report (PSI) in his case and the improper application of the ACCA and the USSG. He claims that, because he is actually innocent of the sentencing enhancement he received and because his procedural default has foreclosed his ability to assert such a challenge by way of § 2255, a miscarriage of justice has occurred which raises serious questions as to the constitutionality of § 2255.

Petitioner cites to *United States v. Mikalajunas*, 186 F. 3d 490 (4th Cir. 1999), claiming that it supports his attempt to raise his sentencing claim under § 2241. Petitioner argues that *Mikalajunas* holds that the actual innocence doctrine applies within the context of challenging a predicate offense utilized to classify a defendant as a career offender. Petitioner also cites *Triestman v. United States,* 124 F.3d 361 (2nd Cir 1997), which involved a claim of actual innocence in the context of new law that made conduct on which a conviction was based no longer criminal. He claims that, like the prisoner in *Treistman*, he could not have effectively raised his claim of innocence at an earlier time and had no

access to judicial review of his conviction because the new law was unavailable to him within the time limitations set on his filing a § 2255 motion. Finally, Petitioner cites *United States v. Maybeck*, 23 F.3d 888 (4th Cir. 1994), which he argues supports his assertion that he should be allowed to raise his sentencing claim under § 2241 because the "error" committed by the sentencing judge (*i.e.* finding him to be a violent armed career criminal based on prior offenses that can no longer be considered "violent" under recent law) excuses his own procedural default (*i.e.* filing an untimely § 2255 motion) and results in "actual prejudice" to him. The citations to *Mikalajunas* and *Maybeck* are unavailing as neither involves a § 2241 petition, nor does either discuss the concept of actual innocence of an enhanced sentence in the context of a § 2241 petition.

In *In re Jones*, 226 F.3d 328, 333-34 (4th Cir.2000), the Fourth Circuit held that a petitioner seeking to file a second or successive motion to vacate based on "new" law decided after entry of a conviction and sentence must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that *the conduct of which the prisoner was convicted* is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." (emphasis added). The *Jones* court found that, if the circumstances in which a petitioner finds himself satisfy all three prongs of the test, resort may be had to § 2241 to raise a claim of actual innocence because the § 2255 remedy would be deemed inadequate or ineffective. *In re Jones*, 226 F.3d at 334.

The test established in *In re Jones* has been specifically construed in this District in cases involving § 2241 petitions to find that claims of actual innocence of an enhanced sentence - as opposed to actual innocence of the underlying criminal conviction - are not properly raised via § 2241. *See Chestnut v. Mitchell,* No. 9:09-3158-RBH-BM, 2009 U.S. Dist. LEXIS 124975 (D.S.C. Dec. 21, 2009); *Evans v. Rivera*, No. )-09-1153-JFA-PJG, 2009 U.S. Dist. LEXIS 63519 (D.S.C. July 23, 2009); *Brown v. Rivera*, No. 9:08-3177-PMD-BM, 2009 U.S. Dist. LEXIS 30655 ( D.S.C. Apr. 7, 2009). In the *Brown* case, the Court rejected the petitioner's purported actual innocence claim raised under § 2241, finding that the second prong of the *Jones* test was not met because it requires that "the substantive law changed such that the conduct of which the prisoner was ***convicted*** is deemed not to be criminal," whereas the petitioner was attempting to assert innocence of his enhanced sentence, not his conviction, based on the recent law change. Thus, it could not be said that under the circumstances presented the § 2255 remedy was inadequate or ineffective. The petitioner in *Brown* was told that his sentencing-based claim should be raised via § 2255, if at all, and that since he had already filed one unsuccessful § 2255 motion, he would be required to seek leave from the Fourth Circuit before filing a successive § 2255 petition in this Court in order to properly raise his sentencing claim. *See also United States v. Poole*, 531 F.3d 263-267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has not extended the reach of the savings clause to petitioners challenging only their sentence.")(*citing In re Jones*); *Williams v. Stansbury,* No. 2:09cv414, 2009 U.S. Dist. LEXIS 14364 (E.D.Va. Feb. 18, 2010)(same).

Despite his protestations otherwise, Petitioner was not completely precluded from asserting his sentencing claim under § 2255. Just because this Court denied his initial § 2255

9

motion as time-barred and the Fourth Circuit denied a certificate of appealability and dismissed his appeal, he cannot say that the § 2255 remedy is/was inadequate or ineffective. It is well settled in this circuit that the possibility that a § 2255 motion filed by a petitioner in the sentencing court might be rejected on the merits or found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *In Re Vial*, 115 F.3d at 1194 n. 5; *see also Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001)(collecting cases). Accordingly, because he cannot satisfy the *In re Jones* test or show any other exceptional reason for resort to § 2241 to raise a sentencing-error issue, it is clear in this case that Petitioner cannot sustain his burden of showing that the § 2255 remedy is ineffective or inadequate. Thus, he may not bring his *Chambers* and *Begay*-based "actual innocence" claim under § 2241. This determination is further supported by several federal cases from other districts within the Fourth Circuit and from outside this circuit, which have considered closely similar allegations from other prisoners seeking to use *Begay* to collaterally attack sentences imposed prior to the issuance of that opinion. Each of the following cases have rejected such claims and have refused to permit the use of § 2241 for consideration of the propriety of sentences. *See, e.g.*, *Mackey v. United States*, Nos. 08-23431-CIV, 03-20715-CR, 2009 U.S. Dist. LEXIS 67532 (S.D. Fla. Aug. 4, 2009)(because *Begay* addresses only sentencing issues and does not involve the invalidation of a conviction or decriminalization of the petitioner's activities, it cannot be a basis for an argument that the § 2255 remedy is inadequate or ineffective; § 2241 cannot be used to raise a *Begay* claim); *Harvey v. Sherrod*, NO. 08-CV-613-DRH, 2009 U.S. Dist. LEXIS 64514 (S.D.

Ill. Jul 27, 2009)(no "actual innocence" § 2241 claim under *Begay*; opinion only one of "statutory construction," not a new constitutional rule and § 2255 not ineffective or inadequate); *James v. Stansberry,* No. 08-512, 2009 U.S. Dist. LEXIS 9760, (E.D. Va. Feb. 9, 2009)(§ 2241 actual innocence claim under *Begay* is really a successive § 2255 motion; no § 2241 jurisdiction), *aff'd*, 342 Fed. Appx. 865 (4th Cir. 2009), *cert. denied* 2010 U.S. LEXIS 1160 (U.S. Feb. 22, 2010).

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

Petitioner's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 18, 2010
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).